In the Matter of the Accounting of WALTER M. GOLDSMITH et al., as Trustees under the Will of HERMAN SEIFFERT, Deceased.

Surrogate's Court, Kings County, July 18, 1955.

*Goldsmith, Levitt & Hyman* for trustees, petitioners.

*Bernard Jaffee* for Herman Benevolent Society, respondent.

*Joseph M. Morris,* special guardian for David L. Birkner, an infant, respondent.

Moss, S. The testator executed his will on February 15, 1937, and died on January 6, 1938. Under his will he directed payment of his debts and funeral expenses and placed his residuary estate in trust during the lifetime and for the benefit of his widow, with power in the trustees to invade the principal thereof for her benefit. The widow died on January 15, 1953. The trustees paid from principal to the widow a sum in excess of $22,000. The balance of trust principal amounts to approximately $5,500. The remainder of the trust accounted for is insufficient to pay in full the legacies payable upon the death of the income beneficiary. The testator provided that upon his widow's death, the sum of $2,000 was to be paid to the Herman Benevolent Society of New York in trust and that the income therefrom be used " for the upkeep of the graves of myself and my wife, and to use the balance of said income for the general charitable purposes of said Society." Testator then bequeathed legacies totalling $14,500. Of this total amount, the sum of $7,500 was given to a niece and her two children; while five other legatees are unrelated to the testator. Testator also provided that the balance be paid to four charities.

The Society contends that it is entitled to be paid its legacy in full as a funeral expense. The testator did not by express language require that the legacy to the society be preferred and paid in full. The court will however treat the legacy in the nature of a funeral expense and will fix a reasonable amount therefor as $1,000, which amount shall be paid in full (*Matter of Smallman,* 138 Misc. 889). The balance of the legacy to the Society is subject to abatement in the same manner as the other legacies. The will is so construed.

The compensation sought by the firm of attorneys of which one of the trustees is a member, for legal services rendered and to be rendered including distribution under the decree hereon, is reasonable in amount and is allowed. Settle decree on notice.